**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PAUL F. HENLEY,
           Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
           Agency.

DOCKET NUMBER
AT-0752-15-0087-I-1

DATE: April 11, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul F. Henley, Birch Run, Michigan, pro se.

Elizabeth N. Moran, Esquire, and Kevin Owen, Esquire, Silver Spring,
    Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant was employed by the agency as a teacher.  Initial Appeal File (IAF), Tab 7 at 185.  He resigned from his position effective May 24, 2011.  *Id*. In June 2011, he filed a formal equal employment opportunity (EEO) complaint in which he alleged that he experienced harassment, discrimination on the bases of age and disability, and retaliation for prior EEO activity until his resignation. IAF, Tab 6 at 86-87.  The agency issued a final agency decision in September 2014, finding that the appellant was not subjected to discrimination or harassment.  *Id*. at 26-48.

¶3        The appellant filed the instant Board appeal in which he alleged that his resignation was involuntary.  IAF, Tab 1.  He did not request a hearing.  *Id*.  In response to a jurisdictional order from the administrative judge, the appellant alleged that his resignation was the result of discrimination and harassment based upon age, disability, and retaliation for prior EEO activity.  IAF, Tab 4.  The agency moved to dismiss the appeal for lack of jurisdiction.  IAF, Tab 6 at 6-18.

The appellant submitted additional evidence and argument in support of his appeal.  IAF, Tabs 10-13.[2]

¶4      The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 17, Initial Decision (ID).  Specifically, she found that, even accepting the appellant's allegations as true, he failed to nonfrivolously allege that he met his obligation to act reasonably, not assume the worst, and not jump to conclusions too quickly and thus he failed to nonfrivolously allege that the agency effectively imposed the terms of his resignation, he had no realistic alternative but to resign, and his resignation was the result of improper acts by the agency.  ID at 8.  Therefore, she concluded that the appellant did not establish that he was entitled to a jurisdictional hearing and that he failed to establish that his resignation was tantamount to a constructive removal within the Board's jurisdiction.  ID at 8.  The appellant filed a timely petition for review in which he argues that he was discriminated against based upon age and disability, retaliated against, and that the agency created a hostile work environment.  Petition for Review (PFR) File, Tab 1 at 5-7.  He also alleges that the agency discriminated against him under the Fair Housing Act.  *Id*. at 7.  The appellant additionally alleges that the administrative judge erred in failing to consider that he was effectively a whistleblower and that the agency retaliated against him on this basis.  *Id*. at 11.  The agency has responded in opposition to the appellant's petition for review.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      A decision to resign or retire is presumed to be a voluntary act outside the Board's jurisdiction unless the appellant shows by a preponderance of the

---

[2] The appellant also submitted two pleadings under the title "Appellant Response to Agency Motion to Dismiss."  IAF, Tabs 8-9.  However, he later requested that these documents not be considered.  IAF, Tab 14.  The administrative judge granted that request.  *Id.*  We have not considered those two pleadings in reaching this decision.

evidence[3] that his resignation was involuntary and therefore tantamount to a forced removal. *Freeborn v. Department of Justice*, 119 M.S.P.R. 290, ¶ 9 (2013). The appellant may overcome the presumption of voluntariness by showing that: (1) the resignation or retirement was the product of misinformation or deception by the agency; or (2) the resignation or retirement was the product of coercion by the agency. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 19 (2007). To establish involuntariness on the basis of coercion, the appellant must show that: (1) the agency effectively imposed the terms of his resignation or retirement; (2) he had no realistic alternative but to resign or retire; and (3) his resignation or retirement was the result of improper acts by the agency. *Id.* In cases such as this one, where the appellant alleges that the agency took actions that made working conditions so intolerable that he was driven to an involuntary resignation or retirement, the Board will find an action involuntary only if he demonstrates that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in his position would have felt compelled to resign or retire. *Id*., ¶ 20. The issue of the Board's jurisdiction in an involuntary resignation or retirement case is inextricably intertwined with the merits of the appeal—where the appellant establishes the Board's jurisdiction over the appeal by showing that his resignation or retirement was involuntary, he also has established the merits of his appeal. *Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1341 (Fed. Cir. 2001).

¶6        When discrimination or retaliation is alleged in connection with a determination of involuntariness, these allegations may be addressed only insofar as they relate to the issue of voluntariness, and not whether the evidence would

---

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

establish discrimination or retaliation under the standards used to prove discrimination. *Wright v. Department of Veterans Affairs*, 85 M.S.P.R. 358, ¶ 25 (2000). The Board also does not have jurisdiction to consider claims of whistleblower retaliation unless the appellant establishes jurisdiction over his involuntary resignation appeal. *Comito v. Department of the Army*, 90 M.S.P.R. 58, ¶ 13 (2001).

¶7     If an appellant makes nonfrivolous allegations of fact that, if proven, could establish jurisdiction over his constructive removal appeal and he has requested a hearing, then he is entitled to a jurisdictional hearing. *Vitale*, 107 M.S.P.R. 501, ¶ 18. Where, as here, an appellant has not requested a hearing, the threshold question is not whether he has raised a nonfrivolous allegation of jurisdiction, but whether he has established by preponderant evidence that the Board has jurisdiction over his appeal. *Id.*

¶8     We find that, in this case, the appellant has failed to establish by preponderant evidence that his resignation was involuntary. First, we consider the appellant's assertions regarding the agency's actions from September 2008 until December 2010. The appellant asserted, inter alia, that: (1) in September 2008, the Center Director made it known that he was upset that the appellant raised workplace safety issues; (2) the Center Director was upset in November 2008 when he had not "bumped fists" with him and made it clear that his job was in jeopardy; (3) the Center Director announced at a staff meeting that he was going to fix the bad attitudes of certain employees; and (4) upper management did not respond to his complaints. IAF, Tab 4 at 5-7. The appellant also asserted that the agency changed the deadline by which he was required to submit his teaching certificate,[4] required him to perform additional duties,

---

[4] According to an email submitted by the appellant, the agency required proof of his certification on an earlier date for the certificate to be processed prior to his 1-year work anniversary. IAF, Tab 10 at 35.

threatened him by saying that other people wanted his job, and denied his participation in the agency's wellness program. *Id.* at 7-9.

¶9 In further support of his claim of involuntariness, the appellant asserted that: (1) he was issued a derogatory letter about his work performance in September 2009[5] and a rating of only fully successful; (2) the Center Director dismissed his request to transfer to another team due to work tensions and refused his request to transfer to a different room in government quarters; (3) in March 2010, the agency did not select him for two supervisory teacher positions;[6] (4) the Center Director denied his request for participation in the student loan repayment program;[7] (5) he received a performance rating of only fully successful for the period from October 2009 to September 2010, and when he refused to sign his evaluation, his first-line supervisor threatened retaliation; and (6) in December 2010, the Center Director denied his second request to participate in the agency's wellness program. IAF, Tab 4 at 9-15.

¶10 These facts, even if true, do not support a finding that the appellant's resignation was involuntary. First, we find that these allegedly coercive acts are not particularly probative of the involuntariness of the appellant's resignation because of the long time period between many of the alleged acts and the appellant's resignation. *See Terban v. Department of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000). Furthermore, the U.S. Court of Appeals for the Federal Circuit has held that the doctrine of coerced involuntariness does not apply if the

[5] The Center Director subsequently rescinded this letter and a performance improvement plan in November 2009. IAF, Tab 11 at 7.

[6] On review, the appellant asserts that the agency's denial of these promotions "deceived or willfully obstructed" him in order to, inter alia, deny him his veterans' preference. PFR File, Tab 1 at 19. He does not indicate that he intends to raise a separate claim under the Veterans Employment Opportunities Act of 1998.

[7] The Center Director stated that he would not approve participation in the student loan program for any staff. IAF, Tab 11 at 16. The appellant contended that this statement was pretextual and that the Center Director made this decision to discriminate and retaliate against him. IAF, Tab 4 at 13.

employee resigns or retires because he does not like agency decisions such as "a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels that he has no realistic option but to leave." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). Thus, even if the appellant disagreed with many of the agency's decisions, such as the denial of his participation in the wellness program and the student loan repayment program, his performance ratings, a change in duties, failure to transfer him, and refusal to promote him, the decisions did not render his resignation involuntary. Furthermore, the appellant's previously described dissatisfaction with his interactions with management does not prove that his resignation was involuntary. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) ("An employee is not guaranteed a working environment free of stress. Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign.").

¶11    We next consider the appellant's allegations regarding agency actions between March and May 2011. The appellant asserted that: (1) in March 2011, the Center Director did not follow through with several recommendations that he made on incident reports when he was the acting academic director; (2) also in March 2011, his first-line supervisor spoke to him harshly and made inappropriate comments, which led to a physical struggle between the two; (3) the agency placed him on a different shift outside of his normal job duties after requesting to be separated from his first-line supervisor, as opposed to reassigning the supervisor; (4) despite his opposition, the agency placed him on administrative leave after discussions with his union steward that had mentioned administrative leave; and (5) although the agency told him that he would be placed on administrative leave until an investigation was completed, the agency required

him to return to work in April 2011, prior to the completion of an investigation. IAF, Tab 4 at 15-18.

¶12    The appellant was recalled to work on April 14, 2011, and, on April 15, 2011, he was given a "virtual assignment" that he could complete remotely. *Id*. at 18.  On April 18, 2011, he sent the Center Director an email stating that he would complete the assignment off-site because the internet in his government quarters in Bristol, Tennessee, was not working, IAF, Tab 12 at 33, but he alleged that he never received a response, IAF, Tab 4 at 19.  On April 27, 2011, he sent another email to the Center Director seeking clarification of the assignment and requesting to telework from his home in Michigan, where he would have better internet access, IAF, Tab 12 at 34-35, but he alleges that he did not receive an immediate response, IAF, Tab 4 at 19-20.

¶13    The appellant received a call from his first-line supervisor and the Center Director on May 2, 2011, in which they stated that his virtual assignment was due on May 6, 2011.  IAF, Tab 4 at 20, Tab 12 at 34.  On May 3, 2011 the Center Director told him to bring in his computer equipment for examination by a technician, at which point he told the Center Director that this was impossible because he was in Michigan.  IAF, Tab 4 at 21, Tab 7 at 168-69.  The Center Director informed the appellant that he was absent without leave (AWOL) and ordered him to return to work on May 4, 2011.  IAF, Tab 7 at 173-74.  The appellant did not return to work until  May 9, 2011.  IAF, Tab 4 at 22.

¶14    The appellant argued that his virtual assignment was outside of his job description and that the agency improperly placed him on AWOL.  *Id.* at 23-24; IAF, Tab 13 at 9.  He asserted that the Center Director assigned him to a building to illegally monitor him.  IAF, Tab 4 at 23.  The appellant alleged that he contacted upper management, but felt that they had abandoned him.  *Id*. at 24.  He argued that he therefore had no choice but to resign.  IAF, Tab 4 at 24-25, Tab 7 at 179-80.

¶15    We find that these assertions, even if true, do not establish that the appellant's resignation was involuntary.  Although the appellant was dissatisfied with a number of actions that the agency took, including, inter alia, placing him on administrative leave, reassigning him, placing him on AWOL, and assigning him to a building where he could be monitored, these actions do not support a finding that his resignation was involuntary.  *See Comito*, 90 M.S.P.R. 58, ¶¶ 12-13 (finding that, although it was undisputed that the agency took a number of actions against the appellant, including the denial of her within-grade increase, placing her on AWOL, significantly changing her duties, and proposing her termination, such actions did not render her resignation involuntary).  Furthermore, although the appellant engaged in a physical struggle with his first-line supervisor, the agency addressed this situation by placing the appellant on administrative leave, conducting an investigation, and reassigning him.  IAF, Tab 6 at 90, Tab 7 at 137-45.  The appellant's disagreement with the agency's response also does not render his resignation involuntary.  *See Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121-22 (Fed. Cir. 2013) (holding that the doctrine of coerced involuntariness does not apply if the employee resigns or retires because he does not like agency decisions that the agency is authorized to adopt).  Additionally, to the extent that the appellant alleged that he resigned because he feared that the agency would remove him, he has not presented evidence to rebut the presumed voluntariness of his resignation.  *See Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 12 (2008) (holding that the fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential adverse action does not rebut the presumed voluntariness of his ultimate choice of resignation unless he shows that an agency knew that it would not prevail on a proposed adverse action).

¶16    We have considered the appellant's arguments on review that the administrative judge did not properly consider his claims of harassment, age and disability discrimination, retaliation for prior EEO activity, and whistleblower

retaliation.  PFR File, Tab 1 at 5-7, 11.  However, because the Board otherwise does not have jurisdiction over this appeal, the administrative judge properly considered these arguments only in the context of the voluntariness of the appellant's resignation.  *See Comito*, 90 M.S.P.R. 58, ¶ 13; *see also Wright*, 85 M.S.P.R. 358, ¶ 25.  Regarding the appellant's allegation of discrimination under the Fair Housing Act, because we do not have jurisdiction over the appellant's involuntary resignation appeal and because we find no independent basis for exercising jurisdiction over such a claim, we do not consider this allegation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (explaining that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.